Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| NORA HAYDEE MORALES ROSA, JOSHUA LEE CRUZ MORALES, JOSUÉ ALBERTO CRUZ MORALES, TANIA CRUZ MORALES Y JOEL FRANCISCO CRUZ MORALES<br><br>Recurrida<br><br>V.<br><br>Jeremy Randy del Valle, Ann Marie del Sobre: ACCIDENTE DE TRÁNSITO Valle, Sharehan Salahaddin Telsem, Maritza's Car Rental, Inc., Optima Seguros, Colonial Insurance Agency, Inc., Fulano de Tal y Empresa Tal y Compañías de Seguro X, Y, Z<br><br>**MARITZA'S CAR RENTAL**<br><br>Peticionaria | TA2025CE00561 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Vieques<br><br>Caso Núm.: VQ2025CV00042<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda del Toro y la Jueza Lotti Rodríguez

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de noviembre de 2025.

La peticionaria, Maritza's Car Rental mediante recurso de *certiorari* presentado el 6 de octubre de 2025, nos solicita que dejemos sin efecto la *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala de Fajardo (TPI o foro primario) el 4 de septiembre de 2025. Mediante el referido dictamen, el foro primario declaró "No Ha Lugar" la *Moción de Desestimación* presentada por la peticionaria.

Por los fundamentos que expondremos a continuación, expedimos el recurso de *certiorari,* únicamente para revocar la

denegatoria a la desestimación de la reclamación en contra de Colonial Insurance Agency. Por todo lo demás no intervendremos con la determinación del foro primario de mantener en el pleito a Maritza's Car Rentals y Óptima Seguros.

## I.

El 21 de abril de 2025, Nora Haydee Morales Rosa; Joshua Lee Cruz Morales; Josué Alberto Cruz Morales; Tania Cruz Morales y Joel Francisco Cruz Morales (en conjunto, parte recurrida) presentaron una *Demanda* de daños y perjuicios.[1] La peticionaria se incluyó como parte codemandada en el pleito. En lo pertinente a la controversia que nos ocupa, las alegaciones de la *Demanda* en contra de Maritza's Car Rental fueron las siguientes:

> 27. COMPAÑÍA DE ALQUILER DE AUTOS: Maritza's Car Rental, Inc. es la dueña registral del vehículo de motor marca Kia Soul 2024, color gris, tablilla KHW-522, número VIN KNDJ23AU9R72399. Conforme a la Ley 22 de Tránsito, el dueño registral de un vehículo de motor responde por los daños y perjuicios que se causen mediante la operación del vehículo. Aunque la ley excluye a las compañías de arrendamiento de autos, estas tienen que observar protocolos de seguridad al alquilar los vehículos de motor y asegurarse que los conductores estén debidamente autorizados. Por información y creencia, Maritza's Car Rental, Inc. incurrió en negligencia al arrendar un vehículo de motor a una persona con un historial choferil negativo extenso que previsiblemente presenta un riesgo a la comunidad y a otras personas. Incurrió también en negligencia al negarse a suministrar información sobre quién arrendó el vehículo a los familiares de la víctima, quiénes estaban autorizados a manejarlo, qué seguro existía, y las direcciones de las personas que arrendaron el vehículo. La compañía incurrió en negligencia al encubrir información pertinente del choque fatal y la causa de la muerte de Carlos Alberto Cruz Morales. El encubrimiento causa que la parte demandante no pueda incluir otros posibles demandados que puedan responder por los daños causados.

> . . . . . . . .

> 28. COMPAÑÍA DE SEGURO: La compañía de seguro Colonial Insurance Agency, Inc. y/u Optima Seguros expidieron una póliza de seguros para cubrir el riesgo al cual se dirige esta demanda y cubriendo la responsabilidad de Maritza's Car Rental, Inc. y de los arrendatarios, bajo la póliza número 55-AP-000026340-8. Esta póliza de seguro responde por los daños causados en el accidente que resultó en la muerte de Carlos Alberto Cruz Morales y los daños causados a la familia demandante. La póliza responde, tanto

---

[1] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).

por las actuaciones de Maritza's Car Rental, Inc. y por las actuaciones de los demás demandados.[2]

Ante ello, el 30 de junio de 2025, Colonial Insurance Agency, Óptima Seguros y Maritza's Car Rental presentaron una *Moción en solicitud de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V.*[3] En dicha moción, Colonial Insurance alegó que es una agencia de seguro, acumulada en el pleito por las mismas alegaciones contra Óptima Seguros, las cuales no operan en su contra. Por su parte, Óptima Seguros alegó que los hechos no activan la cubierta de la póliza, la cual contiene una exclusión expresa sobre cubierta al arrendatario del vehículo asegurado. Asimismo, Maritza's Car Rental arguyó que la ley la exime de responder por los daños que surjan mientras el vehículo está en uso por el arrendatario, que cumplió los requisitos que la ley le impone con respecto a la información del arrendatario que debe procurar obtener, y que ni los familiares de la víctima ni sus abogados tienen facultad en ley para exigirle que les provea la información de sus clientes, y que de haberlo hecho, entonces estaría incurriendo en una violación de ley, al proveer información confidencial de terceros (sus clientes) a personas no autorizadas.

Tras varias solicitudes de prórroga concedidas por el tribunal, el 11 de agosto de 2025, la parte recurrida presentó la *Oposición a Solicitud de Desestimación.*[4] Allí, estos argumentaron que la póliza de Óptima Seguros había sido "alterada" porque era distinta a la que recibieron del Comisionado de Seguros, ya que la recibida por ellos no contenía el endoso con la exclusión del arrendatario de la definición de asegurado. Por último, sostuvieron que la negligencia de Maritza's Car Rental está claramente evidenciada en su manejo de los seguros y en la evaluación de perfil de los arrendatarios. En

---

[2] Íd.

[3] Entrada #33 de SUMAC TPI.

[4] Entrada #45 de SUMAC TPI.

específico, la parte recurrida razonó que la negligencia de la peticionaria parte de:

> **Sus antecedentes [arrendatario del vehículo] revelan múltiples violaciones, incluyendo conducir sin licencia, exceso de velocidad, uso de teléfono mientras maneja, guiar con licencia suspendida, resistencia al arresto, y delitos relacionados con sustancias controladas**. En el contexto de Vieques, un lugar con condiciones particulares y un flujo creciente de turistas que a menudo muestran conductas irresponsables, hace mandatorio que las compañías que se enriquecen del alquiler de carros tomen medidas para evitar los peligros de estos turistas. En Vieques ocurren numerosos incidentes con turistas en vehículos de motor, incluyendo múltiples accidentes. Un hombre prudente y razonable debe tomar medidas y no alquilar a ciegas un vehículo de motor.
>
> Las compañías de alquiler utilizan servicios para auscultar el récord choferil de los arrendatarios. Los sistemas automatizados para verificar el historial de infracciones son esenciales para que las compañías de alquiler tomen decisiones informadas y rápidas sobre la idoneidad de un conductor. Estos sistemas van desde el acceso directo a bases de datos estatales hasta el uso de inteligencia artificial y telemetría. La elección del sistema depende de la ubicación, el tipo de vehículo y las políticas internas de la empresa.
>
> Además, Maritza's Car Rental incurrió en negligencia al no contar con un procedimiento claro y transparente para informar a los arrendatarios sobre las opciones y coberturas de seguro. La normativa establece que los arrendatarios deben estar debidamente informados acerca de lo que están renunciando y qué seguros pueden tener. (Énfasis nuestro).[5]

Así las cosas, el 29 de agosto de 2025, notificada el 4 de septiembre de 2025, el foro primario emitió una *Resolución Interlocutoria*, en la cual declaró "No Ha Lugar" la *Solicitud de Desestimación* de la peticionaria.[6]

Inconforme con el proceder del TPI, el 6 de octubre de 2025, Maritza's Car Rental acudió ante este Tribunal mediante recurso de *certiorari* y señala los siguientes errores:

> **PRIMER ERROR SEÑALADO: Cometió error manifiesto el Honorable Tribunal de Primera Instancia, Sala Superior de Vieques en Fajardo, al negarse a proveer la desestimación solicitada, cuando la demanda contra Maritza's Car Rentals carece de causa de acción plausible que justifique la concesión de un remedio, al basarse en alegaciones creadas por la parte demandante que no se sustentan en derecho alguno, y son contrarias al derecho aplicable a la controversia; y no considerar la inmunidad legal conferida a los arrendadores de autos antes los daños que ocasionen los**

---

[5] Íd.
[6] Entrada #54 de SUMAC TPI.

**arrendatarios mientras utilizan el vehículo arrendado.**

**SEGUNDO ERROR SEÑALADO: Cometió error manifiesto el Honorable Tribunal de Primera Instancia, Sala Superior de Vieques en Fajardo, al negarse a desestimar la demanda contra Óptima Seguros, cuando los hechos no configuran una causa de acción que active la cubierta de la póliza, la cual, contrario a los hechos de la jurisprudencia citada por la parte opositora, contiene una exclusión del arrendatario como asegurado, dando paso a una controversia ficticia de su faz sobre el contenido de la póliza, cuya falta de mérito era de fácil corroboración.**

De otro lado, el 27 de octubre de 2025, la parte recurrida presentó su *Oposición a la expedición del auto de certiorari*. En síntesis, esos sostienen que Maritza's Car Rental ha sido negligente en arrendar un vehículo de motor sin haber actuado como una persona prudente y razonable al no realizar una diligencia mínima de investigar al grupo de turistas al que les arrendó un vehículo de motor que impactó al joven Carlos Alberto Cruz Morales ocasionándole la muerte. Además, aducen que la peticionaria incurrió en negligencia al arrendar un vehículo de motor a una persona con un historial choferil negativo extenso que previsiblemente presentaba un riesgo a la comunidad. Asimismo, explicaron que Maritza's Car Rental incurrió en negligencia al negarse a suministrar información sobre la persona que arrendó el vehículo de motor a los familiares del joven Carlos Alberto Cruz Morales.

## II.

### A. El certiorari

El auto de certiorari es el vehículo procesal extraordinario mediante el que un tribunal de mayor jerarquía, puede revisar las determinaciones de un tribunal inferior. A través de este recurso, el peticionario solicita a un tribunal de superior jerarquía que corrija un error cometido por el tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491.

El recurso de certiorari se caracteriza porque su expedición descansa en la sana discreción del tribunal revisor. *Pueblo v. Diaz De León*, 176 DPR 913, 917-918 (2009). No obstante, la discreción para autorizar la expedición del recurso y adjudicarlo en sus méritos, no es irrestricta. Dicha discreción se define como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo v. Custodio Colon*, 192 DPR 567, 588 (2015). De modo que, el ejercicio de discreción no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016). Los elementos a evaluar para considerar si el foro primario incurrió en abuso de discreción son, entre otros, si: (1) el juez no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; (2) el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en él, o (3) a pesar de tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez sopesa y los calibra livianamente. *García v. Asociación*, 165 DPR 311, 321-322 (2005).

En ese sentido, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. establece los preceptos que rigen la discreción del Tribunal de Apelaciones para expedir un recurso de certiorari. Según lo establecido en la Regla 52.1, *supra,* el recurso de certiorari solamente será expedido:

....
[P]ara revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios

evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Asimismo, en la Regla 40 Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas.,* Reglamento TA, 2025 TSPR 42, 215 DPR ___ (2025), se fijan los criterios que este foro habrá de considerar para ejercer, sabia y prudentemente, su discreción para atender o no en los méritos un recurso de certiorari. Estos son los siguientes:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para analizar el problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### B. Moción de Desestimación

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, permite que el demandado solicite la desestimación de la demanda, antes de presentar una contestación. Las razones para solicitar la desestimación son las siguientes: (1) falta de jurisdicción sobre la

materia, (2) falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento, (4) insuficiencia del diligenciamiento del emplazamiento, (5) dejar de exponer una reclamación que justifique la concesión de un remedio y (6) dejar de acumular una parte indispensable. *Costas Elena v. Magic Sport,* 213 DPR 523, 533 (2024); *González Méndez v. Acción Soc.*, 196 DPR 213, 234 (2016).

El Tribunal Supremo de Puerto Rico ratificó tan reciente como en *Costas Elena v. Magic Sport, supra,* las normas que rigen la desestimación de una demanda basada en la Regla 10.2, *supra,* en su inciso cinco (5). Estas normas son las siguientes:

> (1) La desestimación procede cuando de las alegaciones de la demanda, surge que alguna de las defensas afirmativas derrotara la pretensión del demandante.
>
> (2) Al evaluar una moción de desestimación al amparo de la Regla 10.2(5), *supra,* el tribunal tiene que tomar como ciertos todos los hechos bien alegados en la demanda, aseverados de manera clara y concluyente y que de su faz no dan margen a dudas.
>
> (3) Los tribunales que atienden una moción basada en la Regla 10.2(5), *supra,* tienen que evaluar las alegaciones de la demanda conjuntamente, y de la forma más favorable para el demandante.
>
> (4) Toda duda debe resolverse a favor del demandante.
>
> (5) El demandado tiene que establecer con toda certeza que el demandante no tiene derecho a remedio alguno, bajo cualquiera estado de Derecho que se pudiera probar en apoyo a su reclamación. *Costas Elena v. Magic Sport, supra,* págs. 533-534.

La privación de un litigante de su día en corte solo procede en casos extremos. Nuestro Tribunal Supremo ha desarrollado una política pública judicial inclinada a favorecer que los casos se ventilen en los méritos y que se recurra a la desestimación de un pleito con perjuicio excepcionalmente. *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 264 (2021); *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 298 (2012). La desestimación al amparo de la Regla 10.2(5), *supra,* prosperará si luego de realizar el análisis requerido, el tribunal entiende que no se cumple con el estándar de plausibilidad. Ahora bien, los tribunales no pueden dar paso a una

demanda insuficiente bajo el pretexto de que las alegaciones conclusorias podrán ser probadas con el descubrimiento de prueba. *Costas Elena v. Magic Sport, supra,* pág. 534.

### C. Agente General en el Código de Seguros

La Ley Núm. 77 de 19 de junio de 1957, según enmendada, 26 LPRA sec. 101 *et seq.*, mejor conocido como el "Código de Seguros de Puerto Rico" abarca todo lo concerniente a los seguros en nuestra jurisdicción. Es sabido, que el negocio de seguros en Puerto Rico es objeto de extensa regulación por parte del Estado. *Rivera, Lozada v. Universal*, 214 DPR 1007, 1024 (2024). Esto, dado a que, la industria de seguros está revestida de un alto interés público por su complejidad, importancia y el efecto que tiene en nuestra economía y sociedad. Íd.; *Consejo Titulares v. MAPFRE*, 208 DPR 761, 773 (2022); *R.J. Reynolds v. Vega Otero*, 197 DPR 699, 706–707 (2017); *Jiménez López et al. v. SIMED*, 180 DPR 1, 8 (2010).

En lo pertinente a la controversia que nos ocupa, el Artículo 9.040, 26 LPRA sec. 949e, del Código de Seguros define al "Agente General" como la persona nombrada por un asegurado — como contratista independiente o por comisión — al que se le otorga deberes generales para inspeccionar el otorgamiento y las operaciones de servicio de pólizas del asegurador. Igualmente, entre sus deberes está el contratar representantes autorizados para el asegurador y llevar a cabo otras funciones que éste le confiera conforme a los términos del contrato, tales como:

> (1) recibir y aceptar negocios solicitados o gestionados por productores; (2) computar tarifas; (3) refrendar las pólizas; (4) emitir endosos, refrendar y mantener récord de los mismos; (5) entrenar a los productores sobre nuevos productos disponibles; (6) tramitar la experiencia de pérdidas; (7) procesar las cancelaciones de las pólizas; (8) facturar y cobrar la prima correspondiente; (9) tramitar y efectuar la devolución de primas; (10) tramitar y efectuar el pago de comisiones a los productores; (11) seleccionar riesgos conforme a las guías de suscripción establecidas. Art. 9.040 , del Código de Seguros, *supra.*

**III.**

Maritza's Car Rentals alega que el foro primario incidió al negarse a desestimar la causa de acción en su contra, cuando la demanda deja de exponer una reclamación que justifique la concesión de un remedio. Igualmente, sostiene que el referido foro erró al negarse a desestimar la demanda contra Óptima Seguros, cuando los hechos no configuran una causa de acción que active la cubierta de la póliza.

Al evaluar una moción de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra,* el tribunal tiene que tomar como ciertos todos los hechos bien alegados en la demanda, aseverados de manera clara y concluyente, y que de su faz no dan margen a dudas. Toda duda debe resolverse a favor del demandante.

En este caso, no encontramos criterio alguno que justifique desestimar en esta etapa del pleito la causa de acción en contra de Maritza's Car Rentals y Óptima Seguros. Esto, ya que luego de evaluar las alegaciones de la demanda conjuntamente, y de la forma más favorable para la parte recurrida, somos de la opinión que no es la etapa propicia para su consideración.

Ahora bien, surge del expediente ante nos, que Colonial Insurance Agency es una agencia de seguros, cuyas funciones son distintas a las de una aseguradora. Es decir, esta no es aseguradora, y según expusimos las funciones que le autoriza el Código de Seguros son las de un "Agente General". En el recurso que nos ocupa no hay controversia sobre el contenido de la póliza sino, más bien, si es un riesgo cubierto por la misma. Por lo tanto, bajo el estándar de una solicitud de desestimación bajo la Regla 10.2(5) de Procedimiento Civil, *supra,* no existe reclamación contra plausible contra Colonial Insurance Agency los hechos reclamados.

Así pues, incidió el foro primario al no desestimar la causa de acción en contra de Colonial Insurance Agency.

**IV**.

Por los fundamentos enunciados, expedimos el recurso de *certiorari,* únicamente para revocar la denegatoria a la desestimación de la reclamación en contra de Colonial Insurance Agency. Por todo lo demás no intervendremos con la determinación del foro primario de mantener en el pleito a Maritza's Car Rentals y Óptima Seguros.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones